# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| SHANNON SQUIRE, | : | NO. 97-461 |
|     Defendant. | : | |
| | : | |

## Memorandum and Order

YOHN, J.                                                                October 23, 2008

Defendant Shannon Squire asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the decrease by the Sentencing Commission of the guideline range applicable to cocaine base (crack) offenses. Because Squire's sentence was based on his career-offender status and his extraordinary physical impairment—and not on the guideline range for cocaine based offenses—this motion will be denied.

On March 2, 1999, Squire pleaded guilty to possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced on February 4, 2000 to 190 months' imprisonment, six years' supervised release, and a $300 special assessment. (Judgment, No. 97-461, Feb. 4, 2000.) According to Squire, his projected release date is in 2011. (Supplemental Mem. Supp. Def.'s Mot. for Reduction of Sentence 2.)

Squire's term of imprisonment was computed as follows. With respect to Counts One and Three, the court determined Squire was a career offender under the Sentencing Guidelines,

1

giving him an offense level of 34 under U.S.S.C. § 4B1.1 and a criminal history category of VI. (Sentencing Tr. 5:23-25, Feb. 3, 2000.)  Squire received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, bringing his total offense level to 32.  (Presentence Investigation Report 4.)  The guideline range was thus 210 to 262 months' imprisonment. (Sentencing Tr. 6:1-3.)  The court then granted Squire a five-level downward departure under U.S.S.G. § 5H1.4 because of his kidney disease requiring dialysis, an extraordinary physical impairment.  (Sentencing Tr. 22:13-14.)  This downward departure resulted in a minimum guideline range of imprisonment of 130 months to 162 months on Counts One and Three.  (*Id.* at 22:15.)  The court then added the mandatory consecutive sentence of 60 months' imprisonment on Count Two, resulting in a total minimum term of imprisonment of 190 months.  (*Id.* at 22:15-18.)

Had Squire not been a career offender, his offense level for Counts One and Three pursuant to U.S.S.G. § 2D1.1 would have been 24, and his total offense level would have been 22 after application of the two-level reduction for acceptance of responsibility.  (Presentence Investigation Report 3.)  The guideline range would have been 63 to 78 months' imprisonment, plus the mandatory consecutive sentence of 60 months' imprisonment under Count Two, resulting in a total range of 123 to 138 months' imprisonment.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, which decreased by two levels the base offense level of defendants being sentenced for crack offenses.  *See United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. § 2D1.1; U.S.S.G. Supp. to App'x C, Amend. 706).  The Amendment was made retroactive.

On March 3, 2008, Squire filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  On May 7, 2008, Squire filed a counseled supplemental memorandum of law in support of his motion for reduction of sentence.  The government filed a response on May 21, 2008, and Squire filed a reply on June 18, 2008.

The issue central to the resolution of this motion is whether Squire's sentence was "based on" the Guideline relevant to possession of crack with the intent to distribute, U.S.S.G. § 2D1.1. Because Squire's sentence was based only on his status as a career offender and his extraordinary physical impairment, and not on U.S.S.G. § 2D1.1, Squire is not eligible for a reduction of his sentence under Amendment 706 and § 3582(c)(2).

A sentence may be reduced "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (emphasis added).  The "based on" language is the key: motions for reduction of sentence because of the amendment to the guideline range applicable to crack offenses come down to the question of whether the defendant was sentenced "based on" U.S.S.G. § 2D1.1.  *United States v. Biami*, 548 F. Supp. 2d 661, 664 (E.D. Wisc. 2008) (not reducing the defendant's sentence where the judge "did not depart [from the career offender range] based on an overstatement in defendant's criminal history category . . . or any other basis," but instead "adopted the career offender guideline range and imposed sentence based on such range"); *United States v. Gutierrez*, No. 02-27, 2008 WL 927564, at *2 (D. Conn. April 4, 2008) (not reducing the defendant's sentence where "the court sentenced [the defendant] as a career offender pursuant to § 4B1.1" and the defendant "stipulated in his plea agreement that § 4B1.1, rather than § 2D1.1, would be used to

3

calculate his guidelines range"); *United States v. Rivera*, 535 F. Supp. 2d 527, 529 (E.D. Pa.
2008) (holding that the defendant, who was sentenced as a career offender "is not eligible for a
reduction under Amendment 706 because the Guidelines range applicable to him remains
unchanged").

On the other hand, when the sentencing judge concluded that the guideline range
applicable to a career offender overrepresented the seriousness of the defendant's criminal
history, and the judge therefore looked to U.S.S.G. § 2D1.1 for guidance as to the appropriate
sentence, the defendant's resulting sentence is based on U.S.S.G. § 2D1.1 and a reduction is
permissible under Amendment 706. *United States v. Poindexter*, 550 F. Supp. 2d 578, 580-81
(E.D. Pa. 2008). In that case, the court confirmed that a sentence is not "based on" U.S.S.G.
§ 2D1.1 if that guideline range did not "play a role in [the judge's] guideline calculation," *id*. at
581 (quoting *United States v. Gutierrez*, 2008 WL 927564, at *2), or if the defendant was not
"actually sentenced" under that guideline range, *id*. (quoting *Biami,* 548 F. Supp. 2d at 664).
After noting this, the *Poindexter* court reduced the defendant's sentence because the sentencing
judge "did *not* sentence [the defendant] under the career offender guideline," but specifically
"determined that the career offender designation 'overrepresents the total offense level in this
case.'" 550 F. Supp. 2d at 580 (quoting Judgment and Commitment Order, at 8 (Jan. 24, 2001)).
The sentencing judge therefore "reduced [the defendant's] offense level to that which he would
have faced absent the career offender designation." *Id.* at 581. The court held that the
defendant's sentence was "based on" § 2D1.1 and so could be reduced. *Id.* at 582; *see also*
*United States v. Nigatu*, No. 00-18, 2008 WL 926561, at *1 (D. Minn. Apr. 7, 2008) (reducing
defendant's sentence because "the [c]ourt specifically found that 'the designation of career

4

offender status is inappropriate in this case[,]'" and, therefore, "the [c]ourt could not have imposed [the defendant's] sentence based on the career offender table . . . .").

However, when the sentencing judge did not conclude that the criminal history category substantially overrepresented the seriousness of a career-offender defendant's criminal history or the likelihood that the defendant would commit other crimes and so sentenced the defendant as a career offender, the sentence is based on the career offender guideline and not on U.S.S.G. § 2D1.1.  In that case, the defendant is not eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2).  *See, e.g.*, *United States v. Perdue*, No. 1:99-cr-00334, 2008 WL 4404278, at *3 (N.D. Ohio Sept. 23, 2008) (acknowledging that "[a] number of courts have reached the conclusion that Amendment 706 does not apply where the defendant's sentence is actually determined by his status as a career offender"); *United States v. Collier*, No. 4:05-CR-313CAS, 2008 WL 4204976, at *2 (E.D. Mo. Sept. 5, 2008) ("If [a] Court were to find that [a prisoner] was sentenced under the career offender guideline, Amendment 706 would not apply to his sentence.").

Moreover, granting a guidelines departure for some reason other than the inapplicability of the career offender status does not alter the result.  *See United States v. Moore*, 541 F.3d 1323, 1329-30 (11th Cir. 2008); *United States v. Vinnie*, No. CR04-326RSL, 2008 WL 4331024, at *1 (W.D. Wash. Sept. 18, 2008).  In *Moore*, the Eleventh Circuit held that downward departures for two prisoners, Lawton and Moore, did not justify a sentence reduction.  As in this case, each sentencing court reviewed in *Moore* found that the career offender sentence did not overrepresent the prisoners' past criminal behavior.  Instead, the sentencing courts granted reductions for these reasons: (1) prisoner Moore was a "substantial help[]" to authorities; and (2) prisoner Lawton

was of "diminished capacity."  541 F.3d at 1330.  Because the sentencing courts applied the career offender guidelines, the downward departures for these other reasons did not fall under § 3582 and the sentence could not be reduced pursuant to Amendment 706.  *Id.; see also Vinnie*, 2008 WL 4331024, at *1 (holding that sentence reduction was inappropriate because downward departure was not result of finding career offender status inapplicable); *United States v. Boyd*, 01-29, 2008 WL 2537139, at *3 (W.D. Pa. June 24, 2008) (not reducing the defendant's sentence because the court "concluded that [the defendant's] status as a career offender was accurate[,]" notwithstanding a downward departure "based on the government's 5K motion").

In this case, there is no evidence that, at the time of sentencing, I thought the guideline range resulting from Squire's career offender status "substantially over-represent[ed] the seriousness of [Squire's] criminal history or the likelihood that [he would] commit other crimes." U.S.S.G. § 4A1.3(b)(1).  Indeed, the defendant did not dispute that he was a career offender under the Sentencing Guidelines.  (Sentencing Tr. 8:10-14.)  I departed downward from the career offender guideline range, but this departure was pursuant to U.S.S.G. § 5H1.4 because of Squire's extraordinary physical impairment.  I noted during the sentencing proceeding: "Other than the [U.S.S.G. § 5H1.4] departure, I find no reason to depart from the guidelines."  (*Id.* at 21:14-15.)  I explained that the career offender guideline range "is such an extremely long sentence" (*id.* at 21:17), but that "this is also a very serious offense, followed by a history of 3 prior charges of possession with intent to distribute, . . . as well as a receiving stolen property conviction and the fact that [Squire] committed this crime so shortly after being released from prison" (*id.* at 21:21-22:1).  Later, I noted that Squire got "a very big time sentence," but that the sentence was in conformity with the "judgment of [C]ongress and the [S]entencing

6

[C]ommission, that that type of sentence is merited for this type of past activity." (*Id.* at 26:14-18.) I concluded that Squire's sentence as a career offender, with the downward departure for his extraordinary physical impairment, did not overrepresent the seriousness of his criminal history or the likelihood that he would commit other crimes. Furthermore, I did not even mention the guideline range under § 2D1.1 in explaining the sentence, making it difficult even to suggest that the sentence imposed was "based on" § 2D1.1. Contrary to Squire's assertion, there is no evidence that "[t]he [c]ourt necessarily considered . . . Squire's § 2D1.1 range when deciding the extent of the [§ 5H1.4] departure, and therefore used that sentencing range as a basis for the sentence." (Supplemental Mem. Supp. Def.'s Mot. for Reduction of Sentence 3.)

Given these facts, Squire's case is most analogous to *Moore, Vinnie* and *Boyd*. In those cases, the sentencing judges departed from the career offender guideline range because the defendant was a substantial help to authorities, the defendant was of diminished capacity or pursuant to U.S.S.G. § 5K1.1. Later, these courts held that the defendant was not entitled to a sentence reduction under Amendment 706 because the sentence was "based on" the career offender guideline range and not on the U.S.S.G. § 2D1.1 range. Because Squire's sentence was based solely on the career offender guideline range, with a downward departure only because of his extraordinary physical impairment, he is not entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In the case of a career offender such as Squire, the sentence is not based on U.S.S.G. § 2D1.1. Therefore, his motion for reduction of sentence will be denied.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| SHANNON SQUIRE, | : | NO. 97-461 |
| Defendant. | : | |
| | : | |

## Order

**AND NOW**, this 23rd day of October 2008, upon careful consideration of defendant Shannon Squire's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 39), defendant's supplemental memorandum of law in support of his motion for reduction of sentence, the government's response thereto, and defendant's reply, **IT IS HEREBY ORDERED** that defendant's motion for reduction of sentence is **DENIED**.

s/ William H. Yohn Jr., Judge
William H. Yohn Jr., Judge